# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES JOHNSON,

    Petitioner,

    v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, *et al.*,

    Respondents.

Civil Action No. 3:12-CV-01730

(Judge Mariani)

## MEMORANDUM

### I. Introduction

Petitioner Charles Johnson ("Petitioner" or "Johnson") initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Johnson is currently a parolee under the supervision of the Pennsylvania Board of Probation and Parole ("PBPP"). Johnson alleges that the PBPP improperly and inaccurately recalculated his sentence.

For the reasons discussed below, the Court will deny Johnson's petition because he has procedurally defaulted on these claims.

### II. Procedural History

On August 8, 1990, Johnson was sentenced by the Lycoming Court of Common Pleas to serve an aggregate term of six years and six months to thirteen years imprisonment based upon his guilty pleas to two counts of Manufacture/Sale/Deliver or

Possession with Intent to Deliver a Controlled Substance. (Doc. 12-2, Ex. 1). Johnson's sentence had an effective date of May 3, 1990, with a minimum date of November 3, 1996, and a maximum date of May 3, 2003. (*Id.* at Ex.15, p. 1-2). On November 11, 1996, he was released on parole. (*Id.* at 2).

On September 15, 1999, Johnson was arrested by state authorities for drug-related activities and he was detained in the Lycoming County Jail. (*Id.*). That same day, the PBPP issued a warrant to commit and detain Johnson for violation of his parole based on the new state drug charges. (*Id.*).

On October 27, 1999, a federal grand jury in the United States District Court for the Middle District of Pennsylvania indicted Johnson on federal drug charges at criminal case number 4:99-CR-00269. (*Id.*). Petitioner pled guilty on April 13, 2000. (Doc. 12-2, Ex. 3, Docket Entry No. 80). On August 16, 2000, Johnson was sentenced on his federal charges to serve a 130-month term of imprisonment. (Doc. 12-2, Ex. 15, p. 2).

On September 7, 2000, Johnson's state charges were *nolle prossed* and he was transferred back to federal custody to serve his federal sentence. (Doc. 12-2, Ex. 15, p. 2; Doc. 12, p. 5, ¶ 21). On February 20, 2009, he was released from federal custody to serve his original state sentence and the back time imposed by the PBPP. (Doc. 12-2, Ex. 15, p. 2).

After Petitioner pled guilty to the federal charges, but before he was sentenced on the federal charges and the state charges were *nolle prossed*, the PBPP conducted a

2

revocation hearing for the new federal drug conviction on June 12, 2000. (*Id.* at Ex. 5).
Following the hearing, the PBPP recommitted Johnson to serve twelve (12) months as a
convicted parole violator, when available. (Doc. 12, p. 5, ¶ 17).

In a decision mailed on April 21, 2009, the PBPP, referring to its 2000 decision,
recalculated Johnson's maximum date as July 1, 2015. (Doc. 12-2, Ex. 15, p. 2-3).
Johnson submitted a request for administrative relief with the PBPP, "seeking credit on his
original sentence for the time period of September 15, 1999, the date on which he was
arrested on the new state drug charges, to October 25, 2000, the date on which he alleged
that he was taken into custody by the federal authorities to serve his federal sentence." (*Id.*
at 3). On July 14, 2009, the PBPP denied Johnson's petition. (*Id.*).

Subsequently, Johnson appealed the PBPP's decision to the Pennsylvania
Commonwealth Court at Docket No. 1515 C.D. 2009. (Doc. 12, p. 9, ¶ 37). On March 30,
2011, the Commonwealth Court vacated the PBPP's decision and remanded the matter to
the PBPP for proceedings consistent with the Court's opinion. (Doc. 12-2, Ex. 15, p. 10).
Specifically, the Commonwealth Court explained that the PBPP's "decision denying
Johnson's request for administrative relief [was] not supported by substantial evidence."
(*Id.*). Further, the Commonwealth Court noted that there were "issues with respect to the
credit to be allocated among Johnson's state and federal sentences for the time period of
September 15, 1999, to October 25, 2000, that must be addressed by the [PBPP].

3

Moreover, the [PBPP conceded] that a remand [was] necessary for the proper recalculation of credit to Johnson's original sentence." (*Id.*).

On or about September 21, 2011, the PBPP confirmed the credit allocation between the new and original sentences and reaffirmed the July 1, 2015 maximum date calculation. (Doc. 12, p. 9, ¶ 39). Johnson filed a timely petition for administrative review. (Doc. 12-2, Ex. 17). On November 16, 2011, the PBPP denied Johnson's petition for failure to specify a claim and affirmed the decision. (Doc. 12, p.10, ¶ 41).

On November 29, 2011, Johnson filed a petition for review challenging the PBPP's decision with the Commonwealth Court at Docket No. 2222 C.D. 2011. (Doc. 12-2, Ex. 19). On December 27, 2011, the Commonwealth Court issued an order directing Johnson to serve a copy of his petition for review on the PBPP by January 11, 2012. (*Id.* at Ex. 20). The order specifically states, "[u]pon consideration of respondent's Application to Compel Petitioner to Serve Petition for Review, the application is granted. Petitioner is directed to serve a copy of the petition for review on respondent and file proof of service of the same within 14 days of entry of this order or this matter will be dismissed as a matter of course." (*Id.*). Based on Johnson's failure to serve the petition on the PBPP, on January 18, 2012, the Commonwealth Court ultimately dismissed Johnson's petition for review for failing to serve the petition and file proof of service as required by the Court. (*Id.* at Ex. 21). Johnson

appealed the Commonwealth Court's decision to the Pennsylvania Supreme Court. (*Id.* at Ex. 22). The Supreme Court dismissed the appeal on July 5, 2012.[1] (*Id.*).

On August 29, 2012, Johnson filed his current Petition with this Court. (Doc. 1). Specifically, Johnson alleges that the PBPP's sentence recalculation fails to give him appropriate credit for the period he was incarcerated in county prison and the PBPP forfeited authority to recalculate his sentence by not doing so prior to transferring him to federal custody. (*Id.*).

Respondents argue that Johnson's Petition should be dismissed based on procedural default because Johnson did not "fairly present" his federal claims in state court. (Doc.13, p. 8-10). Respondents' argument for procedural default based on Johnson's failure to fairly present his claims is two-fold: (1) Johnson's petition for administrative review of the PBPP's decision on September 21, 2011 filed with the PBPP was not specific enough to qualify as an administrative appeal or a petition for administrative review; and (2) that, while in Commonwealth Court, Johnson failed to serve a copy of his petition on the PBPP in violation of the Court's order, resulting in the dismissal of his case in that Court. (*Id.*).

On February 19, 2013, Johnson filed his traverse asserting that the PBPP failed to follow the original ruling of the Commonwealth Court on remand and his claim should be considered by the Court because of his *pro se* status. (Doc. 14). He explains that he did

---

[1] On May 23, 2010, the PBPP reparoled Johnson to an approved home plan. (Doc. 12, p. 11, ¶ 47). "Johnson is currently still active on parole supervision on this sentence." (*Id.* at ¶ 48).

present the claims to the highest state court, to no avail, and he has no further remedy. (*Id.*). Finally, Johnson claims he will suffer an injustice if his Petition is denied. (*Id.*).

## III. Discussion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Warts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999); *see also Nara v. Frank*, 488 F.3d 187, 197–98 (3d Cir.2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state

6

courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*quoting Picard*, 404 U.S. at 275).

The failure of a petitioner to "fairly present" federal claims in state court bars the consideration of those claims in federal court by means of habeas corpus because they have been procedurally defaulted. *Cristin v. Brennan*, 281 F.3d 404, 410 (3d Cir.), *cert. denied*, 537 U.S. 897 (2002). The reason for this doctrine is that a habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Thus, "federal courts must ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e. whether he has fairly presented his claims to the state courts." *Cristin*, 281 F.3d at 410.

In the case of a parole violator, such as Johnson, the petitioner must first challenge the Board's decision by filing an administrative appeal, *see* 37 Pa. Code § 73.1(b)(1), then by an appeal to the Pennsylvania Commonwealth Court, *see* 42 Pa. C.S. § 763(a); *St. Clair v. Pennsylvania Board of Probation & Parole*, 493 A.2d 146 (Pa.Commw.1985), and then by a petition to the Pennsylvania Supreme Court for allowance of appeal. *See Fells v. Pennsylvania Bd. Of Probation and Parole*, 2012 WL 727904, *3 (M.D. Pa. 2012).

While Johnson went through the motions of exhausting his state remedies by filing an administrative appeal/petition for administrative review to the PBPP, an appeal of the PBPP's denial to the Commonwealth Court, and an appeal of the Commonwealth's decision to the Supreme Court, he failed to "fairly present" these claims to the Pennsylvania courts.

In the Commonwealth Court order dated December 27, 2011, the Commonwealth Court directed Johnson to "serve a copy of the petition for review on respondent and file proof of service of the same within 14 days of entry of this order or this matter will be dismissed as a matter of course." (Doc. 12-2, Ex. 20).

On January 18, 2012, the Commonwealth Court dismissed Johnson's petition for failure to comply with the previous order. (Doc. 12-2, Ex. 21). Johnson did not present the factual and legal substance of his claims to the Commonwealth courts in a manner that put them on notice that a federal claim is being asserted because he never served the petition on the PBPP. By not following the Commonwealth Court's order to serve the petition on the PBPP, Johnson failed to "fairly present" his claim because he failed to give Pennsylvania the opportunity to pass upon and correct alleged violations of his federal rights before presenting those claims here. *See Duncan*, 513 U.S. at 365 (1995) (*quoting Picard*, 404 U.S. at 275).

Johnson's failure to "fairly present" his federal claims in the Pennsylvania courts now bars the consideration of those claims in federal court by means of habeas corpus because they have been procedurally defaulted. *Cristin*, 281 F.3d at 410. The doctrine of

8

procedural default bars federal habeas relief when a state prisoner has defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* For example, failure to present federal habeas claims to the state courts in a timely fashion results in procedural default. *See O'Sullivan*, 526 U.S. at 848 (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). Like a state prisoner who has failed to exhaust his state remedies, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 732. The doctrine of procedural default therefore ensures that a state prisoner cannot evade the exhaustion requirement of § 2254 by defaulting his federal claims in state court. *Id.*

However, a federal habeas court can review the merits of procedurally defaulted claims if the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless*, 172 F.3d at 260; *Coleman*, 501 U.S. at 750–51; *Caswell v. Ryan*, 953 F.2d 853, 861–62 (3d Cir.1992). To demonstrate "cause" for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate "actual prejudice," the petitioner must show "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial

disadvantage, infecting his entire [proceeding] with error of constitutional dimensions."
*United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bouslev v. United States*, 523 U.S. 614, 623 (1998). To establish such a claim, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Further, actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Id.* at 329.

Johnson has failed to show cause for his procedural default. He only explains that his *pro se* status and the PBPP's failure to perform a duty ordered by the Commonwealth Court excuse his procedural default. (Doc. 14). Neither of these things establish that some external factor impeded Johnson's efforts to comply with the state's procedural rule. Because Johnson has failed to establish cause, there is no need to consider whether he

has shown actual prejudice. Further, Johnson has not sufficiently demonstrated that the miscarriage of justice exception applies in his case because he does not argue that is actually innocent.

## IV. Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should only issue if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is procedurally defaulted.

## V. Conclusion

For the reasons discussed above, the Court will deny Johnson's Habeas Petition. (Doc. 1). Because the Petition is being denied on the basis of procedural default, the Court will not consider the merits of Johnson's claims. The Court finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.

Robert D. Mariani
United States District Judge